FILED

NOT FOR PUBLICATION

FEB 18 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LUSINE ZAKARYAN,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General<br><br>Respondent. | No. 12-73994<br><br>Agency No. A088-394-645<br><br>MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 19, 2015
San Francisco, California

Before: MELLOY,[**] IKUTA, and HURWITZ, Circuit Judges.

Lusine Zakaryan, a native and citizen of Armenia, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

_____

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations pursuant to the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Zakaryan's inconsistent testimony regarding the pattern of events leading to her departure from Armenia, her apparently evasive demeanor at the hearing, and her untruthfulness on prior visa applications. *See id.* at 1048 (holding an adverse credibility determination reasonable under the "totality of circumstances"). The agency reasonably rejected Zakaryan's explanations for these inconsistencies as nonresponsive or unconvincing. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007) (upholding an IJ's adverse credibility determination based on a petitioner's inconsistent testimony). In the absence of credible testimony of past persecution or a reasonable probability well-founded fear of future persecution, Zakaryan's asylum and withholding of removal claims fail. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031–33 & n.4 (9th Cir. 2013) ("An applicant who fails to satisfy the standard of proof for asylum also fails to satisfy the more stringent standard for withholding of

removal."). Zakaryan's CAT claim also fails because it is based on the same statements the agency found not credible and she does not point to other evidence showing it is "more likely than not" she will be tortured if returned to Armenia. *Id.* at 1033.

Accordingly, Zakaryan's petition for review is DENIED.